**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Delores K. Sharp, | ) | No. CV-09-1841-PHX-DGC |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) ) | |
| Defendant. | ) ) ) | |

Plaintiff Delores Sharp began experiencing foot problems in 2002. She filed an application for disability insurance benefits on December 1, 2005. The application was denied. Dkt. #11, Tr. 59-64. A hearing before an Administrative Law Judge ("ALJ") was held on July 18, 2007. Tr. 319-49. The ALJ issued a written decision on August 15, 2007, finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. 19-24. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 2-4. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Dkt. #1. For reasons that follow, the Court will reverse Defendant's decision and remand the case for an award of benefits.

**I.  Standard of Review.**

The Court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner's decision to deny benefits "should be upheld unless it is based on legal error

or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.*

**II. Analysis.**

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show (1) she is not currently working, (2) she has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") precludes her from performing her past work. At step five, the Commissioner must show that the claimant has the RFC to perform other work. 20 C.F.R. § 404.1520.

The ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged disability onset date. Tr. 21, ¶ 2. The ALJ further found that Plaintiff has a severe combination of impairments: plantar fasciitis, neuroma, status post tarsal tunnel syndrome surgery, thyroid deficiency, obesity, obstructive sleep apnea syndrome, and status post varicose vein surgery. Tr. 21-22, ¶ 3. The ALJ concluded that Plaintiff's impairments do not meet or equal a listed impairment (Tr. 22, ¶ 4), and that she has the RFC to perform a full range of light work, including her past work as a grocery store clerk (Tr. 22-23, ¶¶ 5-6).

Plaintiff argues that the ALJ erred by rejecting the opinion of her treating physician, Dr. Peter Myskiw, in favor of the opinions of State agency consultants. Plaintiff further argues that the ALJ failed to properly evaluate her credibility. Dkt. ##16, 18. Defendant, recognizing that the ALJ's decision is brief, nevertheless contends that the ALJ did not err and his conclusions are supported by substantial evidence. Dkt. #17.

**A. Treating Physician Peter Myskiw.**

Plaintiff began seeing Dr. Myskiw in April 2006, complaining of longstanding pain in her arch and heel areas as well as in the forefoot of both feet. Tr. 21, 125. Dr. Myskiw completed an RFC questionnaire in June 2006. Plaintiff's diagnosis included bilateral tarsal tunnel syndrome, peripheral neuropathy, plantar fasciitis, and neuromas. Her prognosis was

1  guarded. She suffered chronic pain, which increased with prolonged walking and static
2  positioning. Dr. Myskiw stated that he believed Plaintiff's complaints of pain, and identified
3  specific conditions and objective medical findings in support of his belief. With respect to
4  work-related limitations, Dr. Myskiw opined that Plaintiff's pain significantly interferes with
5  her ability to concentrate, and that she could stand less than two hours and sit six hours in a
6  normal workday, would need constant breaks when standing or walking, and would miss
7  about three days of work each month. Tr. 172-75.

As Plaintiff's treating physician, Dr. Myskiw is "employed to cure and has a greater opportunity to know and observe [Plaintiff] as an individual." *McCallister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). His opinions regarding the severity of Plaintiff's impairments are therefore entitled to "special weight," and if the ALJ chooses to disregard them, he "'must set forth specific, legitimate reasons for doing so, and this decision itself must be supported by substantial evidence.'" *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (1986)); *see* 20 C.F.R. § 404.1527(d)(2). The ALJ can meet this burden "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Embrey*, 849 F.2d at 421).

The ALJ gives absolutely no weight to the opinion of Dr. Myskiw on the ground that it "is inconsistent with the medical evidence as it now exists." Tr. 23. The ALJ does not provide the basis for this conclusion. He does discuss Dr. Myskiw's medical records in concluding, at step two of the evaluation process, that Plaintiff has a severe combination of impairments. The ALJ summarizes Dr. Myskiw's records as follows (Tr. 21-22):

> On July 12, 2006, the claimant told Dr. Myskiw that her feet had improved and that she was able to walk without discomfort. On August 14, 2006, the claimant reported some tenderness on the bottom of her feet with weight bearing activities. She improved with Lidoderm patches. On October 17, 2006, Dr. Myskiw's examination revealed decreased tenderness on palpation with decreased Tinel's sign along the plantar fascia of both feet.

The ALJ does not explain, and it is not otherwise clear to the Court, how those records support the complete rejection of Dr. Myskiw's opinion at step four of the evaluation

process.

The ALJ states that Dr. Myskiw's opinion, provided in June 2006, "does not take into account the effects of the claimant's subsequent tarsal tunnel syndrome surgery" in April 2007. Tr. 23. But the ALJ does nothing more than note, at step two of the evaluation process, that Plaintiff had surgery in April 2007. Tr. 22. The ALJ does not discuss the effects of the surgery, or otherwise explain why the surgery is inconsistent with the opinion of Dr. Myskiw. This is significant given that Plaintiff testified in July 2007 that the surgery did not help. Tr. 332.

The ALJ recognized that if Plaintiff is unable to work, and if she meets the twelve-month duration requirement, she is disabled. Tr. 21. Dr. Myskiw specifically opined that Plaintiff is not a malingerer and that her impairments have lasted, or can be expected to last, at least 12 months. In order to properly reject Dr. Myskiw's opinion under the law of this Circuit, the ALJ was required to set forth his own interpretations of the medical evidence and "explain why they, rather than [Dr. Myskiw's], are correct." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007). Because the ALJ has failed to provide the requisite "detailed, reasoned, and legitimate rationales" for disregarding Dr. Myskiw's findings, *Embrey*, 849 F.2d at 422, the rejection of his opinion is erroneous.

The ALJ gives "significant weight" to the opinions of the non-examining State agency physicians (Tr. 23), but does not explain the basis for this conclusion or cite any evidence to support it. To the extent the ALJ was referring to State agency Drs. John Fahlberg and Robert Estes (*see* Dkt. #17 at 18), the opinions of those doctors do not constitute substantial evidence sufficient to support the rejection of Dr. Myskiw's opinion. Dr. Fahlberg's entire opinion consists of two words: "Durational nonsevere." Tr. 181. Dr. Estes concludes only that "[s]omatic impairment was durationally non-severe by 11/1/06." Tr. 140. These opinions are "conclusory and inadequately supported by clinical findings[.]" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1045 (9th Cir. 2007). The ALJ erred in giving them significant weight.

### B. Plaintiff's Testimony.

The ALJ found not fully credible Plaintiff's testimony about the intensity, persistence, and limiting effects of her symptoms. Tr. 23. The ALJ evaluated Plaintiff's testimony using the two-step analysis established by the Ninth Circuit. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). Applying the test of *Cotton v. Bowen*, 799 F.2d 1403 (9th Cir. 1986), the ALJ determined that Plaintiff's impairments could reasonably produce some of the symptoms alleged. Tr. 23. Given this conclusion, and because there is no evidence of malingering, the ALJ was required to present "specific, clear and convincing reasons" for his adverse credibility finding. *Smolen*, 80 F.3d at 1281. The ALJ asserts several reasons for finding Plaintiff not entirely credible. None is convincing.

First, the ALJ found that Plaintiff "alleged no side effects from her medications[.]" Tr. 23. Not so. Plaintiff testified that her medications make her stomach hurt and cause acid reflux. Tr. 326, 336.

Second, the ALJ stated that Plaintiff "takes only prescribed Ibuprofen and over-the-counter Tylenol as infrequently as once per day," and this "suggests that there are times when the claimant would not require medication for relief of her symptoms." Tr. 23. Plaintiff testified that she takes Ibuprofen 800 and Tylenol "[t]wo or three times a day." Tr. 326. She further testified that she quit taking other pain medication because it raised her blood pressure. *Id.* Plaintiff made clear that her feet "always hurt," and, given their side effects, she takes the Ibuprofen 800 and Tylenol only when needed to "try to ease the pain." Tr. 326-27, 333. Plaintiff's limited use of pain medication, when considered in the proper context, is not a convincing reason for finding her not credible.

Third, the ALJ finds that the daily activities reported by Plaintiff are inconsistent with the conclusion that she is unable to perform basic work activities. Tr. 23. An ALJ may consider a claimant's daily activities in assessing credibility, but "[t]his line of reasoning clearly has its limits[.]" *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, and many home activities are not easily transferrable to what might be the more

grueling environment of the workplace[.]" *Id.* (citations omitted). An ALJ may reject testimony based on daily activities where the ALJ makes specific findings that those activities are transferrable to the work setting. *See id.*; *Orn*, 495 F.3d at 639.

The ALJ notes that Plaintiff spends her days watching television, sometimes attends church services, takes her grandchildren to and from school, and shops for food using an electric cart. Tr. 23. Plaintiff argues, correctly, that the ALJ fails to explain how those activities translate into an ability to perform in a work setting. Dkt. #16 at 17-19.

This Circuit has made clear that the mere fact that a claimant engages in daily activities such as grocery shopping and driving a car "does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001) (quoting *Fair*, 885 F.2d at 603); *see Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987) (a claimant need not "vegetate in a dark room" to be eligible for benefits). The ALJ failed to provide a convincing reason for concluding that Plaintiff's daily activities are inconsistent with her hearing testimony. *See Orn*, 495 F.3d at 639 (ALJ erred in making adverse credibility finding where the claimant's activities did not contradict his other testimony and were not transferable work skills); *Benecke v Barnhart*, 379 F.3d 587, 594 (9th Cir. 2004) (rejecting ALJ's adverse credibility finding where it was based in large part on the claimant's "ability to carry out certain routine tasks"); *Lewis v. Apfel*, 236 F.3d 503, 517 (9th Cir. 2001) (claimant's family relationships and activities were not convincing evidence that the claimant could "function normally in work and social settings").

Finally, the ALJ notes that while Dr. Myskiw advised Plaintiff to keep her feet elevated, the record contains no evidence that Plaintiff must currently do so. Tr. 23. Plaintiff made clear at the hearing that she stopped elevating her feet because "it didn't work." Tr. 331.

In summary, the reasons the ALJ provided for finding Plaintiff not credible are neither convincing nor supported by substantial evidence.

1     **C.    The Decision to Remand for Further Proceedings or an Award of Benefits.**

Having considered the record as a whole, the Court concludes that Defendant's decision denying benefits should be reversed because it is based on legal error and is not supported by substantial evidence. *See Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (2008). This Circuit has held that evidence should be credited as true, and an action remanded for an award of benefits, where (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, (2) no outstanding issues remain that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *See, e.g.*, *Varney v. Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004); *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007).

After applying the credit-as-true rule to the improperly discredited evidence, no outstanding issue remains to be resolved before determining that Plaintiff is entitled to benefits. The impartial vocational expert testified that a person with the functional limitations found by Dr. Myskiw would not be able to work. Tr. 344-46. Defendant does not disagree with this conclusion. Plaintiff testified in July 2007 to limitations consistent with, if not greater than, those found by Dr. Myskiw. Tr. 333-38.

Because it is clear that the ALJ would be required to find Plaintiff disabled if her evidence is credited as true, *see Benecke*, 379 F.3d at 593-95, the Court will remand the case for an award of benefits. *See Orn*, 495 F.3d at 640 (remanding for an award of benefits where it was "'clear from the record that the ALJ would be required to determine the claimant disabled'") (citation omitted); *see also D'Angelo v. Astrue*, No. CV-06-3055-PHX-EHC, 2007 WL 4617186, at *9 (D. Ariz. Dec. 27, 2007) (remanding for an award of benefits where the vocational expert testified that the claimant's limitations would preclude all work).

Defendant cites *I.N.S. v. Ventura*, 537 U.S. 12, 16 (2002), for the proposition that "it is the 'rare' case that is not remanded to the agency for further proceedings." Dkt. #17 at 22. *Ventura* is an immigration case that has no application to the issues presently before

the Court. Congress has explicitly granted the Court the "power to enter, upon the pleadings and transcript of record, a judgment . . . reversing the decision of the Commissioner of Social Security, *with or without remanding the cause for a rehearing.*" 42 U.S.C. § 405(g) (emphasis added); *see Forney v. Apfel*, 524 U.S. 266, 269-73 (1998) (social security claimant may appeal decision remanding case for further proceedings instead of an award of benefits).

Defendant urges the Court not to follow the "credit as true" doctrine, asserting that deficiencies in the ALJ's decision are correctable through administrative action. Dkt. #17 at 22-23. Whether or not this Court agrees with the doctrine, the overwhelming authority in this Circuit makes clear that the doctrine is mandatory.[1] This Court must follow *Varney* and its progeny. *See Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (neither a district court nor a three-judge panel may overrule a prior decision of the court unless it has been "undercut by higher authority to such an extent that it has been effectively overruled"). A remand for an award of benefits is required by the law of the Ninth Circuit.

**IT IS ORDERED:**

1. Defendant's decision denying benefits is **reversed**.

2. The Clerk is directed to remand the case for an award of benefits.

DATED this 9th day of March, 2010.

_____
David G. Campbell
United States District Judge

---

[1]*See Varney v. Sec. of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989); *Rodriguez v. Bowen*, 876 F.2d 759, 763 & n.11 (9th Cir. 1989); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996); *Reddick v. Chater*, 157 F.3d 715, 729 (9th Cir. 1998); *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000); *Moore v. Comm'r of Soc. Sec.*, 278 F.3d 920, 926 (9th Cir. 2002); *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007).