**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Delores K. Sharp, | No. CV-09-1841-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Michael J. Astrue, Commissioner of Social Security, | |
| Defendant. | |

An administrative law judge ("ALJ") denied Plaintiff's application for disability insurance benefits. Dkt. #11, Tr. 19-24. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 2-4. Plaintiff then brought this action for judicial review pursuant to 42 U.S.C. § 405(g). Dkt. #1. The Court reversed Defendant's decision and remanded the case for an award of benefits. Dkt. #19.

Plaintiff has filed a motion for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Dkt. #20. The motion is fully briefed. Dkt. ##21, 24, 25. Oral argument has not been requested. For reasons stated below, the Court will grant the motion and award Plaintiff attorney's fees in the amount of $8,577.55.

"The EAJA creates a presumption that fees will be awarded to prevailing parties." *Flores v. Shalala*, 49 F.3d 562, 567 (9th Cir. 1995). Plaintiff is a prevailing party because this matter was remanded pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g). Dkt. #19; *see Shalala v. Schaefer*, 509 U.S. 292, 301 (1993); *Gutierrez v. Barnhart*, 274 F.3d 1255, 1257 (9th Cir. 2001). The Court should award reasonable

attorney's fees under the EAJA unless Defendant shows that his position in this case was "substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see Gutierrez*, 274 F.3d at 1258.

Defendant does not contend that an award of fees in this case would be unjust. Nor has he shown that the positions taken in defense of the ALJ's erroneous decision were substantially justified. The ALJ committed basic and fundamental errors: failing to provide specific and legitimate reasons for rejecting a treating physician's opinion, giving significant weight to the conclusory and inadequately supported opinions of non-examining physicians, and failing to provide clear and convincing reasons for discrediting Plaintiff's subjective complaints. Tr. 23; Dkt. #19. "It follows *a fortiori* [Defendant's] defense of the ALJ's procedural errors was not substantially justified, and [Plaintiff] is entitled to attorneys' fees under the EAJA." *Shafer v. Astrue*, 518 F.3d 1067, 1072 (9th Cir. 2008); *see Corbin v. Apfel*, 149 F.3d 1051, 1052-53 (9th Cir. 1998) (the defense of "basic and fundamental errors" is "difficult to justify").

Plaintiff's counsel, Dennis Peterson, has filed an affidavit (Dkt. #22) and an itemized statement of fees (Dkt. #22-1) showing that he worked 49.8 hours on this case and that the fees total $8,577.55 ($172 per hour). Having reviewed the affidavit and the statement of fees, and having considered the relevant fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 & n.3 (1983), the Court finds that the amount of the requested fee award is reasonable.

**IT IS ORDERED:**

1. Plaintiff's motion for attorney's fees (Dkt. #20) is **granted**.
2. Plaintiff is awarded **$8,577.55** pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

DATED this 29th day of April, 2010.

_____
David G. Campbell
United States District Judge